UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMY LEE DAVIS,<br>　　　　　Plaintiff,<br>　　v.<br>CITY OF SAN FRANCISCO,<br>　　　　　Defendant. | Case No. 15-cv-03114-JSC<br><br>**ORDER OF DISMISSAL** |

　　　　Plaintiff Jimmy Lee Davis ("Plaintiff"), proceeding pro se, brings this action against the City of San Francisco. The Court previously granted Plaintiff's Application to Proceed In Forma Pauperis. (Dkt. No. 5 at 1.) At that time, the Court also evaluated Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2). Finding that it failed to comply with Federal Rule of Civil Procedure 8(a), failed to state a claim upon which relief may be granted, and—to the extent that Plaintiff intended to allege only a claim for slander—lacked a basis for federal jurisdiction, the Court dismissed Plaintiff's Complaint with leave to amend. (*Id.*) The Court ordered Plaintiff to file an amended complaint by August 19, 2015, and cautioned Plaintiff that failure to file an amended complaint may result in automatic dismissal. (*Id.* at 4.) When Plaintiff failed to file an amended complaint by that deadline, the Court issued an Order to Show Cause ("OSC") directing Plaintiff to show cause why this action should not be dismissed pursuant to Federal Rule of Civil Procedure 41(b). (Dkt. No. 6.) Plaintiff's show cause deadline has come and gone, and as of the date of this Order, Plaintiff has neither filed an amended complaint nor responded to the OSC.

　　　　Pursuant to Federal Rule of Civil Procedure 41(b), the court may dismiss an action for failure to prosecute or to comply with a court order. *See Hells Canyon Preservation Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that a court may *sua sponte*

1  dismiss an action pursuant to Rule 41(b)).  In the Ninth Circuit, "when a plaintiff fails to amend a
2  complaint after the [ ] judge dismisses the complaint with leave to amend, the dismissal is
3  typically considered a dismissal for failing to comply with a court order[.]"  *Yourish v. Cal*
4  *Amplifier*, 191 F.3d 983, 986 (9th Cir. 1999).  "In determining whether to dismiss a claim for . . .
5  failure to comply with a court order, the Court must weigh the following factors:  (1) the public's
6  interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the
7  risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5)
8  the public policy favoring disposition of cases on their merits."  *Pagtalunan v. Galaza*, 291 F.3d
9  639, 642 (9th Cir. 2002).  Dismissal is appropriate "where at least four factors support dismissal
10 . . . or where at least three factors strongly support dismissal."  *Hernandez v. City of El Monte*, 138
11 F.3d 393, 399 (9th Cir. 1998) (internal quotation marks and citation omitted).

12      Here, four of the five *Pagtalunan* factors weigh in favor of dismissal.  "The first two
13 factors—the public interest in expeditious resolution of litigation and the Court's need to manage
14 its docket—relate to the "efficient administration of judicial business for the benefit of all litigants
15 with cases pending."  *Nealey v. Transportacion Maritima Mexicana, S.A.*, 662 F.2s 1275, 1279
16 (9th Cir. 1980).  By failing to amend the complaint as the Court's order required, Plaintiff has
17 completely stalled this action.  When plaintiffs fail to amend their pleading, courts find these two
18 factors weigh strongly in favor of dismissal because the failure to amend "effectively clog[s] the
19 Court's docket with an unpursued claim, diverting time and attention from other litigants who
20 wish to pursue their actions."  *Campbell v*. Breen, No. 14-cv-02169-JST, 2015 WL 295021, at *1
21 (N.D. Cal., Jan. 21, 2015).  So it is here.

22      Third, there is no risk of prejudice to defendants here, given that Defendant was never even
23 served in this matter.  Plaintiff has offered no explanation for his failure to file an amended
24 complaint or respond to the OSC.  Thus, this factor weighs in favor of dismissal.

25      The fourth factor is the availability of less drastic sanctions.  The Court has twice
26 cautioned Plaintiff that failure to file the amended complaint, then failure to respond to the OSC,
27 could result in dismissal of this action.  (Dkt. No. 5 at 4; Dkt. No. 6 at 1.)  Thus, the Court has
28 fulfilled its "obligation to warn the plaintiff that dismissal is imminent."  *Oliva v. Sullivan*, 958

United States District Court
Northern District of California

F.2d 272, 274 (9th Cir. 1992); *see also Ferdick v. Bonzelet*, 963 F.2s 1258, 1262 (9th Cir. 1992) ("A district court's warning to a party that failure to obey the court's order will result in dismissal can satisfy the 'consideration of [less drastic sanctions] requirement.").

The last factor, which favors disposition on the merits, by definition weighs against dismissal. *Pagtalunan*, 291 F.3d at 643 ("Public policy favors disposition of cases on the merits. Thus, this factor weighs against dismissal.").

Four of the five relevant factors weigh strongly in favor of dismissing this action in its entirety, so dismissal is appropriate. *Pagtalunan*, 291 F.3d at 43 (affirming dismissal where three factors favored dismissal, while two factors weighed against dismissal).

Plaintiff has consented, pursuant to 28 U.S.C. § 636(c), to magistrate judge jurisdiction in this matter. The Court does not require the consent of Defendant to dismiss this case because Defendant has not been served, and, as a result, is not a party under the meaning of 28 U.S.C. § 636(c). *See United States v. Real Prop.*, 135 F.3d 1312, 1317 (9th Cir. 1998); *see, e.g.*, *Third World Media, LLC v. Doe*, No. C 10-04470 LB, 2011 WL 4344160, at *3 (N.D. Cal. Sept. 15, 2011) ("The court does not require the consent of the defendants to dismiss an action when the defendants have not been served and therefore are not parties under 28 U.S.C. § 636(c)."). Accordingly, it is hereby ORDERED that Plaintiff's Complaint is DISMISSED without prejudice.

**IT IS SO ORDERED.**

Dated: September 24, 2015

JACQUELINE SCOTT CORLEY
United States Magistrate Judge